IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:04-CR-86 |
| ) | (VARLAN/GUYTON) |
| NICHOLAS HARDISON, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## REPORT AND RECOMMENDATION

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the Government's Motion to Dismiss Count Six of the Superseding Indictment [Doc. 22], filed on November 21, 2005. The parties appeared on December 9, 2005, for a motion hearing. Assistant United States Attorney Tracee Plowell was present for the government. Attorney A. Philip Lomonaco represented the defendant, who was also present.

The defendant is charged in a seven-count Superseding Indictment [Doc. 9] as follows: On December 28, 2003, the defendant is alleged to have (1) been a felon in possession of a firearm and ammunition, (2) possessed cocaine with intent to distribute, (3) possessed marijuana with intent to distribute, and (4) possessed a firearm in furtherance of

1

a drug trafficking crime. On August 17, 2005, the defendant is alleged to have (5) possessed cocaine with intent to distribute, (6) possessed marijuana with intent to distribute, and (7) attempted to possess a firearm while a fugitive. It is the sixth count of the indictment–possession of marijuana with intent to distribute on August 17, 2005–that is the subject of the government's motion to dismiss.

The government asks to dismiss count six because the defendant has moved to suppress [Doc. 16] the small amount of marijuana that is the subject of this count. The government wants to dismiss this count in order to avoid a suppression hearing on this issue in the interest of streamlining the case and conserving judicial resources. At the December 9 hearing, AUSA Plowell stated that the government was willing to stipulate that it would not use the marijuana seized from Apartment D7, 944 Piney Grove Church Road, Knoxville, on August 17, 2005, for any reason at trial. Ms. Plowell stated that only a small amount of marijuana was seized and that the government wished to avoid a suppression hearing on this small amount of marijuana. The defendant stated that in light of the proposed stipulation, he did not object to the government's motion.[1]

"In our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). In the present case, the government

---

[1] The Court notes that the defendant did not file a formal response to this motion.

2

Case 3:04-cr-00086   Document 26   Filed 12/13/05   Page 2 of 3   PageID #: 9

desires to withdraw its prosecution of count six. The defendant has no objection to the dismissal of count six, so long as the marijuana that forms the basis therefor will not be used against him at trial. Accordingly, the Court **RECOMMENDS** that the government's motion [**Doc. 22**] to dismiss count six be granted with the condition that the government enter into the stipulation to which it agreed at the December 9 hearing.[2]

                                            Respectfully submitted,

                                                s/ H. Bruce Guyton
                                            United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within ten (10) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see also Thomas v. Arn, 474 U.S. 140 (1985) (providing that failure to file objections in compliance with the ten-day time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).